Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
Matthew C. Salmonsen (SBN 302854)
CONSUMER LAW CENTER, INC.
1435 Koll Circle, Suite 104
San Jose, California  95112-4610
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
DAVID ALLAN IZETT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID ALLAN IZETT,<br><br>              Plaintiff,<br><br>   v.<br><br>CROWN ASSET MANAGEMENT, LLC, a Georgia limited liability company; REBEKAH MOORE, A/K/A REBEKAH DENYS TONER, individually and in her official capacity; THE RESOLUTION LAW GROUP, APC, a California corporation; PERSOLVE, LLC, a Delaware limited liability company; and LUIS DUENAS, individually and in his official capacity,<br><br>              Defendants. | Case No. 3:18-CV-05224-EMC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES CONTAINED IN DEFENDANTS' ANSWER TO COMPLAINT**<br><br>**[Fed. R. Civ. P. 12(f)]**<br><br>Hearing Date:     December 13, 2018<br>Hearing Time:     1:30 p.m.<br>Hearing Judge:    Edward M. Chen<br>Hearing Courtroom: 5, 17th Floor<br>Hearing Location:  450 Golden Gate Avenue<br>                     San Francisco, California |

COMES NOW the Plaintiff, DAVID ALLAN IZETT (hereinafter "Plaintiff"), by and through his attorneys Fred W. Schwinn, Raeon R. Roulston, and Matthew C. Salmonsen of Consumer Law Center, Inc., and hereby submits his Memorandum of Points and Authorities in Support of Motion to Strike Affirmative Defenses Contained in Defendants' Answer to Complaint (Doc. 12) filed herein.

## **TABLE OF CONTENTS**

I.   INTRODUCTION.................................................................................................6

II.  FACTUAL BACKGROUND.................................................................................6

III. STANDARD OF REVIEW...................................................................................8

IV.  ARGUMENT.....................................................................................................10

    A.  Defendants' Insufficient Defenses Should Be Stricken..............................10
        1.  First Affirmative Defense – Bona Fide Error....................................11
        2.  Third Affirmative Defense – "Good Faith"........................................13
        3.  Eighth Affirmative Defense – Apportionment...................................13
        4.  Ninth Affirmative Defense – Conduct of Third Parties......................14
        5.  Fourteenth Affirmative Defense – Statute of Limitations...................15
        6.  Nineteenth Affirmative Defense – Collateral Estoppel.......................15

    B.  Defenses to be Stricken Because They are Not Actually Defenses..............16
        1.  Second Affirmative Defense – Failure to State a Cause of Action.........16
        2.  Fourth Affirmative Defense – Mitigation of Damages........................17
        3.  Fifth and Seventeenth Affirmative Defenses – No Violation of Law.....17
        4.  Seventh Affirmative Defense – Compliance With Law........................18
        5.  Thirteenth and Eighteenth Affirmative Defenses –
           Improper Purpose / Harassment.....................................................18
        6.  Twentieth Affirmative Defense – Reservation of Rights.....................19

    C.  Defendants' Immaterial and Impertinent Defenses Should be Stricken.......20
        1.  Sixth Affirmative Defenses – Waiver..............................................20
        2.  Tenth and Eleventh Affirmative Defenses –  Privilege......................21
        3.  Twelfth Affirmative Defense –  Set Off...........................................22
        4.  Fifteenth Affirmative Defense – Laches..........................................23
        5.  Sixteenth Affirmative Defense – Failure to Compel Moore to Trial......24

V.   CONCLUSION..................................................................................................24

MEMORANDUM OF POINTS AND AUTHORITIES        Case No. 3:18-CV-05224-EMC

# TABLE OF AUTHORITIES

## Cases

*American Sheet Metal, Inc. v. Em-Kay Engineering Co.*, 478 F. Supp. 809 (E.D. Cal. 1979)..................................................................................................20

*Ansari v. Elec. Document Processing, Inc.*, 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. Sept. 10, 2012)..............................................................................9

*Ashcroft v. Iqbal*, 566 U.S. 662 (2009)....................................................8-10, 12

*Baker v. G. C. Services Corp.*, 677 F.2d 775 (9th Cir. 1982)..........................23

*Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d. 1167 (N.D. Cal 2010)....................9-10, 16-17

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)...................................8-9

*Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283 (S.D. Fla. 2007)...........17-18

*Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532 (D. Md. 2010)................12

*Camacho v. Jefferson Capital Sys., LLC*, 2014 U.S. Dist. LEXIS 141216 (N.D. Cal. Oct. 2, 2014)..............................................................9, 16, 18

*Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162 (9th Cir. 2006)...........13

*Costello v. United States*, 365 U.S. 265 (1961)..........................................23

*Dias v. Bank of Hawaii*, 732 F.2d 1401 (9th Cir. 1984)................................23

*Dion v. Fulton Friedman & Gullace LLP*, 2012 U.S. Dist. LEXIS 5116 (N.D. Cal. Jan. 17, 2012)..............................................................8-10

*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524 (9th Cir. 1993)................................8

*Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259 (E.D. Cal. 1987)................19

*G & G Closed Circuit Events, LLC v. Nguyen*, 2010 U.S. Dist. LEXIS 104980 (N.D. Cal. Sept. 23, 2010)..............................................................16-17, 19

*GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074 (7th Cir. 1997)................12

*Gomez v. Toledo*, 446 U.S. 635 (1980)......................................................19

*Gonzalez v. Heritage Pac. Fin., LLC*, 2012 U.S. Dist. LEXIS 112195 (C.D. Cal. Aug. 8, 2012)............9

*Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606 (6th Cir. 2009)..................................................21-22

*Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995)................................22

*Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286 (7th Cir. 1989).......................................8

*Huy Thanh Vo v. Nelson & Kennard*, 931 F. Supp. 2d 1080 (E.D. Cal. 2013)........................................21

*Jiagbogu v. Mercedes-Benz USA*, 118 Cal. App. 4th 1235 (Cal. App. 2d Dist. 2004)....................13, 23

*Joe Hand Promotions v. Davis*, 2012 U.S. Dist. LEXIS 145402 (N.D. Cal. Oct. 9, 2012).......................9

*Kelly v. Great Seneca Fin. Corp.*, 443 F. Supp. 2d 954 (S.D. Ohio 2005)................................................22

*Komarova v. National Credit Acceptance, Inc.*, 175 Cal. App. 4th 324 (Cal. App. 1st Dist. 2009).........21

*Konewko v. Dickler, Kahn, Sloikowsi & Zavell, Ltd.*, 2008 U.S. Dist. LEXIS 40685
(N.D. Ill. May 14, 2008).................................................................................................................12

*Krulee v. Receivables Performance Mgmt., LLC*, 2014 U.S. Dist. LEXIS 141181
(N.D. Cal. Oct. 1, 2014).................................................................................................................9

*Lopez Reyes v. Kenosian & Miele*, LLP, 619 F. Supp. 2d 796 (N.D. Cal. 2008)....................................22

*Madison v. Goldsmith & Hull*, 2013 U.S. Dist. LEXIS 153168 (N.D. Cal. Oct. 24, 2013)...............9, 20

*National Acceptance Co. of Am. v. Regal Prods., Inc.*, 155 F.R.D. 631 (E.D. Wis. 1994)......................12

*Olevares v. Viking Dodge, Inc.*, 626 F. Supp. 114 (N.D. Ill. 1985)........................................................23

*Palmer v. Oakland Farms, Inc.*, 2010 U.S. Dist. LEXIS 63265 (W.D. Va. June 24, 2010)....................19

*People v. Persolve, LLC*, 218 Cal. App. 4th 1267 (Cal. App. 5th Dist. 2013)........................................21

*Pepper v. Routh Crabtree, APC*, 219 P.3d 1017 (Alaska 2009)..............................................................21

*Perez v. Gordon & Wong Law Group, P.C.*, 2012 U.S. Dist. LEXIS 41080
(N.D. Cal. Mar. 26, 2012)........................................................................................................*passim*

*Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046 (N.D. Cal. 2004)..............................8-9, 15, 20

*Racick v. Dominion Law Assocs.*, 270 F.R.D. 228 (E.D.N.C. 2010)......................................................*passim*

*Reichert v. National Credit Systems, Inc.*, 531 F.3d 1002 (9th Cir. 2008)..............................................13

*Saks v. Franklin Covey Co.*, 316 F.3d 337 (2d Cir. 2003)......................................................................11

- 4 -

*Scott v. Fed. Bond & Collection Serv.*, 2011 U.S. Dist. LEXIS 5278
(N.D. Cal. Jan. 19, 2011)..................................................................................*passim*

*Solvent Chem. Co. ICC Indus., Inc. v. E.I. Dupont De Nemours & Co.*, 242 F. Supp. 2d 196
(W.D.N.Y. 2002)..................................................................................10

*Tracy v. NVR, Inc.*, 2009 U.S. Dist. LEXIS 90778 (W.D.N.Y. Sept. 30, 2009)....................10

*United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905 (9th Cir. 1998)....................16

*Wolf v. Reliance Standard Life Ins. Co.*, 71 F.3d 444 (1st Cir. 1995)................................17-18

*Wyshak v. City National Bank*, 607 F. 2d 824 (9th Cir. 1979)........................................8, 10

*Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080 (9th Cir. Cal. 2002)................................18

## STATUTES

15 U.S.C. § 1692k..................................................................................11-12

15 U.S.C. § 1693m..................................................................................19

Cal. Civil Code § 1788.33..........................................................................20

## RULES

Fed. R. Civ. P. 8..................................................................................8, 12

Fed. R. Civ. P. 9..................................................................................12

Fed. R. Civ. P. 11..................................................................................19

Fed. R. Civ. P. 12(b)(6)............................................................................9-10, 16

Fed. R. Civ. P. 12(f)..............................................................................6, 8, 10, 20

MEMORANDUM OF POINTS AND AUTHORITIES                    Case No. 3:18-CV-05224-EMC

# I.  INTRODUCTION

In responding to Plaintiff's Complaint (Doc. 1), Defendants filed an Answer to Complaint (Doc. 12) (hereinafter "Answer"), containing various "Affirmative Defenses" identified on pages 7-11. Pursuant to Fed. R. Civ. P. 12(f), Plaintiff moves to strike all of the "affirmative defenses" contained in Defendants' Answer on the grounds that Defendants have attempted to allege defenses which are not actually defenses, Defendants have raised immaterial defenses, and the "affirmative defenses" contained therein are not pled with sufficient particularity to provide Plaintiff with fair notice. Moreover, the pleadings fail to raise the alleged defenses beyond the speculative level.

# II.  FACTUAL BACKGROUND

On October 12, 2018, Defendants filed their Answer to Plaintiff's Complaint.  In the Answer, Defendants set forth several conclusory statements – with no factual support whatsoever – purporting to raise various alleged affirmative defenses.  These paragraphs read as follows:

1. **First Affirmative Defense.**  Any violation of the FDCPA and/or RFDCPA, which DEFENDANTS deny occurred, was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.
2. **Second Affirmative Defense.**  The allegations of the Complaint fail to state a claim against DEFENDANTS upon which relief can be granted.
3. **Third Affirmative Defense.**  DEFENDANTS acted in good faith at all times in its dealings with Plaintiff, and if any conduct by DEFENDANTS is found to be unlawful, which DEFENDANTS expressly deny, such conduct was not willful and should not give rise to liability.
4. **Fourth Affirmative Defense.**  Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendant.
5. **Fifth Affirmative Defense.**  DEFENDANTS did not commit any actionable violations of the FDCPA and/or RFDCPA.
6. **Sixth Affirmative Defense.**  Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the financial obligation at issue.
7. **Seventh Affirmative Defense.**  DEFENDANTS have, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws, and in fact, DEFENDANTS successfully prosecuted the underlying collection case notwithstanding Plaintiff being represented by counsel, and Plaintiffs counsel bringing unwarranted objections at trial, which were explicitly overruled.

8. **Eighth Affirmative Defense.**  Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant. The liability, if any exists, of all defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of this DEFENDANTS should be reduced accordingly.

9. **Ninth Affirmative Defense.**  The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which DEFENDANTS had or has no control.

10. **Tenth Affirmative Defense.**  The actions of DEFENDANTS complained of in the Complaint constitute communications that were made in good faith and in anticipation of or in connection with ongoing litigation and Plaintiffs claims are therefore barred, in whole or in part, by the California litigation privilege. And, in fact, communications with Plaintiff were expressed through Plaintiffs counsel and Plaintiff, through counsel, agreed to settle the underlying collection lawsuit with the payment of an agreed sum to DEFENDANTS, thus confirming the validity of the debt and the proper course of action by DEFENDANTS.

11. **Eleventh Affirmative Defense.**  Defendant's conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiffs proposed interpretation of the FDCPA and/or RFDCPA must be rejected as it would place an unreasonable restraint upon Defendant's First Amendment rights, thereby raising serious constitutional issues.

12. **Twelfth Affirmative Defense.**  To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which DEFENDANTS deny, DEFENDANTS are, on information and belief, entitled to a setoff in the amount Plaintiff owes to DEFENDANTS on his unpaid account, including any recoverable interest and attorneys' fees.

13. **Thirteenth Affirmative Defense.**  The Complaint and the filers of the Complaint, by submitting this Complaint to this Court have filed this Complaint for an improper purpose, such as to harass, and/or the factual contentions fail to have evidentiary support, and as such, Plaintiffs and/or their counsel are subject to sanctions pursuant to, among other code sections, Rule 11 of the FRCP.

14. **Fourteenth Affirmative Defense.**  Plaintiff's claims and/or causes of action are time barred by the statute of Limitations.

15. **Fifteenth Affirmative Defense.**  Plaintiff's claims and/ or causes of action are barred by the doctrine of laches.

16. **Sixteenth Affirmative Defense.**  Plaintiff failed to take any steps to compel Defendant Moore to trial in California at the address provided for in her Declaration, and thus, the allegations of the Complaint related to a defective section 98 Declaration are not provable based on Plaintiffs own failure to take appropriate legal action for service of process in the underlying collection case.

17. **Seventeenth Affirmative Defense.**  A debt collector does not make misrepresentations in violation of Fair Debt Collection Practices Act by using section 98 declarations in lieu of personal testimony at trial in California even though a declarant was physically located more than 150 miles from place of trial pursuant to, among other cases, Ciganek v. Portfolio Recovery Associates. LLC, 190 F. Supp.3 d 908 (20 16), and therefore, Plaintiffs case is barred.

18. **Eighteenth Affirmative Defense.**  This lawsuit was brought in bad faith and/or for the purposes of harassment, and as such, DEFENDANTS are entitled to attorney's fees pursuant to 15 USC section § 1693m(f) and DEFENDANTS specifically reserve their rights to seek attorney's fees

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

pursuant to said code section.

19. **Nineteenth Affirmative Defense.**  This lawsuit and all of the causes thereon are barred by judgment in DEFENDANTS' favor in the underlying lawsuit, and thus, Plaintiffs are collaterally estopped from seeking redress through this lawsuit.

20. **Twentieth Affirmative Defense.**  DEFENDANTS' [sic] reserve the right to assert additional defenses upon discovery of further information concerning Plaintiffs claims.[1]

### III.  STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(f), a Court may strike from a pleading any insufficient defense if it does not provide the plaintiff with "fair notice" of the defense.[2]  The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues.[3]  Following the Supreme Court's decision in *Ashcroft v. Iqbal*,[4] affirmative defenses not pled with sufficient particularity are inadequate to survive the requirement for pleadings under the federal rules.

In general, affirmative defenses are governed by the same pleading standard as complaints and therefore must give Plaintiff fair notice of the defense being advanced.[5]  "Affirmative Defenses are pleadings and, therefore, are subject to all pleadings requirements of the Federal Rules of Civil Procedure."[6]

In *Bell Atlantic Corp. v. Twombly*,[7] the Supreme Court held that although Rule 8(a)(2) requires only a "short and plain statement," a complaint must contain "more than labels and conclusions" or "formulaic recitation of the elements of a cause of action."[8]  The *Twombly* Court held that a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its

---

[1]  <u>Answer</u> (Doc. 12) at pages 9-12.
[2]  *Wyshak v. City National Bank*, 607 F. 2d 824, 827 (9th Cir. 1979).
[3]  *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994).  *See also*, *Dion v. Fulton Friedman & Gullace LLP*, 2012 U.S. Dist. LEXIS 5116 at *6 (N.D. Cal. Jan. 17, 2012) (Conti, J.).
[4]  566 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).
[5]  *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046 (N.D. Cal. 2004) (Ware, J.).
[6]  *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286 (7th Cir. 1989).
[7]  550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).
[8]  *Id.*

MEMORANDUM OF POINTS AND AUTHORITIES                    Case No. 3:18-CV-05224-EMC

face."[9]  In *Ashcroft v. Iqbal*,[10] the Supreme Court took this so-called "plausibility standard" one step further and held that a court must "draw the reasonable inference that the defendant is liable[.]  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line'" of the plausibility required to state a claim.[11]

After the Supreme Court altered the landscape for 12(b)(6) requirements in *Twombly* and *Iqbal*, the majority of courts to address the issue – including district courts in California – have concluded that the heightened pleading standards for claims of relief crafted in *Twombly* and *Iqbal* apply just as strictly to affirmative defenses.[12]  Under the *Twombly*/*Iqbal* standard, a defendant must plead facts sufficient to alert the plaintiff of the defense.[13]  A claim is plausible on its face if it "raises a right to relief above the speculative level."[14]  A party raises its claim above the speculative level by pleading "factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged."[15]  As district courts in California have found, the same standard should be applicable to

---

[9]  *Id.* at 570 (quoted in *Dion*, 2012 U.S. Dist. LEXIS 5116 at *8).

[10]  566 U.S. 662.

[11]  *Id.*, *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. at 557.

[12]  *Camacho v. Jefferson Capital Sys., LLC*, 2014 U.S. Dist. LEXIS 141216 (N.D. Cal. Oct. 2, 2014) (Freeman, J); *Krulee v. Receivables Performance Mgmt., LLC*, 2014 U.S. Dist. LEXIS 141181 (N.D. Cal. Oct. 1, 2014) (Whyte, J.); *Madison v. Goldsmith & Hull*, 2013 U.S. Dist. LEXIS 153168 (N.D. Cal. Oct. 24, 2013) (Davila, J.); *Joe Hand Promotions v. Davis*, 2012 U.S. Dist. LEXIS 145402 at *5-6 (N.D. Cal. Oct. 9, 2012) (Wilken, J.);  *Ansari v. Elec. Document Processing, Inc.*, 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. Sept. 10, 2012) (Koh, J.); *Gonzalez v. Heritage Pac. Fin., LLC*, 2012 U.S. Dist. LEXIS 112195 (C.D. Cal. Aug. 8, 2012); *Perez v. Gordon & Wong Law Group, P.C.*, 2012 U.S. Dist. LEXIS 41080 at *20-21 (N.D. Cal. Mar. 26, 2012).  *See also*, *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167 (N.D. Cal. 2010) (Patel, J.) ("While neither the Ninth Circuit nor any other Circuit Courts of Appeals has ruled on the issue of whether *Twombly* and *Iqbal* apply to the pleading of affirmative defenses, the vast majority of courts presented with the issue have extended *Twombly*'s heightened pleading standard to affirmative defenses.").

[13]  *Twombly*, 550 U.S. at 555 (a complaint must contain "more than labels and conclusions" or "formulaic recitation of the elements of a cause of action"); *Qarbon.com Inc.*, 315 F. Supp. at 1049 ("Affirmative defenses are governed by the same pleading standard as complaints.").

[14]  *Twombly*, 550 U.S. at 570.

[15]  *Iqbal*, 556 U.S. at 678.

- 9 -

affirmative defenses.[16]  When no facts are asserted in support of an affirmative defense, neither the *Twombly* nor *Iqbal* standard has been met.

To survive a Rule 12(f) motion then, an affirmative defense cannot simply be conclusory and devoid of facts; rather, it must set forth a factual basis and cannot merely suggest that the defense may possibly bear upon the case.[17]  With this standard in mind, courts evaluate a Rule 12(f) motion to strike against the same standard as a Rule 12(b)(6) motion to dismiss.[18]

## IV.  ARGUMENT

Pursuant to the pleading standards of *Iqbal/Twombly*, all of Defendants' affirmative defenses should be stricken for failure to state a claim.

### A.  Defendants' Insufficient Defenses Should be Stricken

Pursuant to Federal Rule of Civil Procedure 12(f), a court may "strike from a pleading an insufficient defense. . . ."  "[W]hile the Rule 8 pleading standard does not require extensive, detailed factual allegations, bare statements reciting mere legal conclusions are insufficient."[19]  While all of Defendants' affirmative defenses merely recite a legal conclusion and fail to "point to the existence of some identifiable fact that if applicable to [Plaintiff] would make the affirmative defense plausible on its face,"[20] the following are the most egregious.

/ / /

/ / /

[16]  *See, e.g., Perez*,  2012 U.S. Dist. LEXIS 41080 (collecting cases); *Dion*, 2012 U.S. Dist. LEXIS 5116;  *Barnes*, 718 F. Supp. 2d at 1167.
[17]  *Barnes*, 718 F. Supp. 2d at 1172; *see also*, *Tracy v. NVR, Inc.*, 2009 U.S. Dist. LEXIS 90778 (W.D.N.Y. Sept. 30, 2009) ("Indeed, the *Twombly* plausibility standard applies with equal force to a motion to strike an affirmative defense under Rule 12(f).").
[18]  *Solvent Chem. Co. ICC Indus., Inc. v. E.I. Dupont De Nemours & Co.*, 242 F. Supp. 2d 196, 212 (W.D.N.Y. 2002) ("The standard for striking an affirmative defense is the mirror image of the standard for considering whether to dismiss for failure to state a claim.").
[19]  *Perez*, 2012 U.S. Dist. LEXIS 41080 at * 35 (citing *Iqbal*, 556 U.S. at 677; *Wyshak*, 607 F.2d at 827).
[20]  *Id.* at *35-36 (quoting *Barnes*, 718 F. Supp. 2d at 1172).

- 10 -

### 1. First Affirmative Defense – Bona Fide Error

Defendants' First Affirmative Defense is pled as follows:

Any violation of the FDCPA and/or RFDCPA, which DEFENDANTS deny occurred, was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.[21]

An affirmative defense is the "defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true."[22] In an FDCPA case, "bona fide error" is an enumerated affirmative defense pursuant to 15 U.S.C. § 1692k(c). In order to plead bona fide error, a defendant must allege facts showing that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.[23] Not only have Defendants failed to properly plead a bona fide error defense, but Defendant has failed to offer any <u>facts</u> to support this affirmative defense. Here, Defendants merely assert that any action taken by Defendants was the result of a "bona fide mistake" or "error," without any factual basis. Failure to provide a factual basis in support of an affirmative defense is justification for striking subject affirmative defense.[24]

If the bona fide error defense is to have any meaning in the context of a strict liability statute, then pleading "procedures reasonably adapted to avoid any such error" must require more than a mere conclusory assertion to that effect. The procedures themselves must be explained, along with the manner in which they were adapted to avoid the violation alleged. Only then is the alleged error or "mistake" entitled to be treated as one made in good faith.

The affirmative defense should be stricken because it does not contain a short and plain

---

[21] <u>Answer</u> (Doc. 12) at 7:20-24.
[22] *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003).
[23] 15 U.S.C. § 1692k(c).
[24] *Racick*, 270 F.R.D. at 235 ("Defendants have essentially copied the language in 15 U.S.C. § 1692k(c), but have not provided any notice of the specific error upon which it relies to assert the defense. Consequently, Defendants' fourth affirmative defense is stricken with leave to amend to cure this pleading deficiency.").

MEMORANDUM OF POINTS AND AUTHORITIES          Case No. 3:18-CV-05224-EMC

statement of any facts supporting the defense, as required by Fed. R. Civ. P. Rule 8.  Even before *Iqbal*, this result was reached in FDCPA cases.

> Because the defense at issue deals with an alleged "mistake" -- a "bona fide error" in the statutory parlance -- Defendant is obligated to comply with both Fed. R. Civ. P. 8 and 9(b).  The standard under Rule 9(b) requires parties to state the circumstances of a mistake with "particularity."[25]

Affirmative "defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy."[26]

Additionally, the conclusory assertion of bona fide error, devoid of any facts, does not comply with the particularity requirement of Fed. R. Civ. P. 9(b), which mandates that, "[i]n all averments of . . . mistake, the circumstances constituting . . . mistake shall be stated with particularity."  Defendants have not described how any mistake (error) occurred.  Rule 9(b) requires particularity, not bald conclusory assertions.  "Particularity" as used in Rule 9(b) means "the who, what, when, where, and how of the mistake: the first paragraph of any newspaper story."[27]

> [The bona fide error defense in Defendant's] Answer must be stricken because it was not plead with sufficient particularity under Fed. R. Civ. P. 9(b).  In support of this affirmative defense, [Defendant] has merely copied the language of § 1692k(c), and has not plead facts that would give [Plaintiff] sufficient notice of specific mistake that [Defendant] is referencing.[28]

Pursuant to *Iqbal*, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[29]  "Nor does a [pleading] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[30]  Because Defendants have failed to do more than plead bare conclusions of law, Plaintiff requests the Court strike Defendants' bona fide error

---

[25] *Konewko v. Dickler, Kahn, Sloikowsi & Zavell, Ltd.*, 2008 U.S. Dist. LEXIS 40685 (N.D. Ill. May 14, 2008).

[26] *National Acceptance Co. of Am. v. Regal Prods., Inc.*, 155 F.R.D. 631, 634 (E.D. Wis. 1994).

[27] *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997); *Konewko*, 2008 U.S. Dist LEXIS 40685 (bona fide error defense stricken for lack of particularity).

[28] *Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 537 (D. Md. 2010).

[29] 556 US at 677.

[30] *Id*.

MEMORANDUM OF POINTS AND AUTHORITIES                    Case No. 3:18-CV-05224-EMC

affirmative defense.

### 2. Third Affirmative Defense – "Good Faith"

Defendants' Third Affirmative Defense is pled as follows:

DEFENDANTS acted in good faith at all times in its dealings with Plaintiff, and if any conduct by DEFENDANTS is found to be unlawful, which DEFENDANTS expressly deny, such conduct was not willful and should not give rise to liability.[31]

Not only have Defendants failed to provide any facts in support of this affirmative defense, but this defense has no relevance to an FDCPA action.  "[P]rinciples of equity [can not] be used to avoid a statutory mandate."[32]  Because the FDCPA is a strict liability statute,[33] "bad faith" conduct is not necessary to sustain Plaintiff's claims.

While "good faith" may be a viable defense to violations arising under the RFDCPA, Defendants have failed to plead any facts regarding their purported "good faith" conduct.  As such, Defendants fail to sufficiently allege the grounds upon which the defense of "good faith" rests.  This affirmative defense should be stricken as insufficiently pled.[34]

### 3. Eighth Affirmative Defense – Apportionment

Defendants' Eighth Affirmative Defense is pled as follows:

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant. The liability, if any exists, of all defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of this DEFENDANTS should be reduced accordingly.[35]

This affirmative defense provides Plaintiff no notice upon which to prepare a defense.[36]  Further,

---

[31] Answer (Doc. 12) at 8:1-4.

[32] *Jiagbogu v. Mercedes-Benz USA*, 118 Cal. App. 4th 1235, 1244 (Cal. App. 2d Dist. 2004)

[33] *Reichert v. National Credit Systems, Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008); *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1175-76 (9th Cir. 2006).

[34] *See, e.g., Perez*, 2012 U.S. Dist. LEXIS 41080 (striking "good faith" affirmative defense).

[35] Answer (Doc. 12) at 8:22-27.

[36] *Racick*, 270 F.R.D. at 236 ("The court finds that these boilerplate affirmative defenses, with no assertion of any facts that would allow drawing of reasonable inference that such defenses are plausible,

---

MEMORANDUM OF POINTS AND AUTHORITIES                Case No. 3:18-CV-05224-EMC

this affirmative defense does not state which of the allegations in the Complaint to which it applies. This affirmative defense does not allege <u>facts</u> regarding which persons are responsible for Plaintiff's damages. Defendants do not allege the <u>identity</u> of the "responsible parties" to which Defendants refer or <u>facts</u> regarding the scope of Defendants' control over these "responsible parties." Defendants do not allege how the actions of others – presumably debt collection attempts – caused Plaintiff's damages. Defendants do not provide facts which would show that a third-party was negligent or careless.

Moreover, "while applicable in negligence and intentional tort actions," apportionment "[h]as no relation to the FDCPA or RFDCPA claims asserted in Plaintiff's Complaint."[37] Plaintiff is entirely unable to prepare a response to such a vague affirmative defense and it should be stricken from Defendants' Answer.[38]

### 4. Ninth Affirmative Defense – Conduct of Third Parties

Defendants' Ninth Affirmative Defense is pled as follows:

> The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which DEFENDANTS had or has no control.[39]

This affirmative defense provides Plaintiff no notice upon which to prepare a defense.[40] Further, this affirmative defense does not state which of the allegations in the Complaint to which it applies. This affirmative defense does not allege <u>facts</u> regarding the "intervening or supervening events" or even who or what caused said events. Plaintiff is entirely unable to prepare a response to such a vague affirmative defense and it should be stricken from the <u>Answer</u>.[41]

---

fail to meet the notice pleading standard.").

[37] *Perez*, 2012 U.S. Dist. LEXIS 41080 at *41-42.

[38] *Scott*, 2011 U.S. Dist. LEXIS 5278 at *22-23 (striking negligence of third parties defense).

[39] <u>Answer</u> (Doc. 12) at 9:1-4.

[40] *Racick*, 270 F.R.D. at 236 ("The court finds that these boilerplate affirmative defenses, with no assertion of any facts that would allow drawing of reasonable inference that such defenses are plausible, fail to meet the notice pleading standard.").

[41] *Scott*, 2011 U.S. Dist. LEXIS 5278 at *22-23 (striking negligence of third parties defense).

MEMORANDUM OF POINTS AND AUTHORITIES          Case No. 3:18-CV-05224-EMC

### 5.  Fourteenth Affirmative Defense – Statute of Limitations

Defendants' Fourteenth Affirmative Defense is pled as follows:

Plaintiff's claims and/or causes of action are time barred by the statute of Limitations.[42]

Defendant's statute of limitations defense is insufficient as a matter of law for failure to plead sufficient facts.[43]  Moreover, the statute of limitations for violations of the federal Fair Debt Collection Practices Act[44] and the California Rosenthal Fair Debt Collection Practices Act[45] is one year.  Plaintiff has specifically pled that Defendants have engaged in a continuing course of conduct from March 2017 through at least August 24, 2018.[46]  Therefore, Defendants cannot prevail on a statute of limitations defense.[47]

### 6.  Nineteenth Affirmative Defense – Collateral Estoppel

Defendants' Nineteenth Affirmative Defense is pled as follows:

This lawsuit and all of the causes thereon are barred by judgment in DEFENDANTS' favor in the underlying lawsuit, and thus, Plaintiffs are collaterally estopped from seeking redress through this lawsuit.[48]

Defendant offers the Court and the Plaintiff no factual basis whatsoever for its "collateral estoppel" moving target affirmative defense.   "A reference to a doctrine, like a reference to statutory provisions, is insufficient notice."[49]   Further, this affirmative defense does not state which of the allegations in the Complaint to which it applies.

Collateral estoppel precludes relitigation of issues argued and decided in prior proceedings. [Citation] Traditionally, we have applied the doctrine only if several threshold requirements are fulfilled.  First, the issue sought to be precluded from

---

[42] Answer (Doc. 12) at 10:1-3.
[43] *Racick*, 270 F.R.D. at 235 ("courts have stricken similarly-worded affirmative defenses for failure to reference the specific statute and relevant time periods").
[44] 15 U.S.C. § 1692k(d).
[45] Cal. Civil Code § 1788.30(f).
[46] Complaint (Doc. 1) at ¶ 18.
[47] *See Scott*, 2011 U.S. Dist. LEXIS 5278, at *21-22.
[48] Answer (Doc. 12) at 10:23-26.
[49] *Qarbon.com Inc.*, 315 F. Supp. 2d at 1049.

relitigation must be identical to that decided in a former proceeding.  Second, this issue must have been actually litigated in the former proceeding.  Third, it must have been necessarily decided in the former proceeding.  Fourth, the decision in the former proceeding must be final and on the merits.  Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. [Citation] The party asserting collateral estoppel bears the burden of establishing these requirements.[50]

Defendants have failed to allege <u>facts</u> which would support this affirmative defense.[51]  As such, it should be stricken from Defendants' <u>Answer</u>.[52]

## B.  <u>Defenses to be Stricken Because They are Not Actually Defenses</u>

The following "Affirmative Defenses" raised in Defendants' <u>Answer</u> should be stricken because they are not actually defenses.

### 1.  Second Affirmative Defense – Failure to State a Cause of Action

Defendants' Second Affirmative Defense is pled as follows:

The allegations of the Complaint fail to state a claim against DEFENDANTS upon which relief can be granted.[53]

"Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [Plaintiff's] prima facie case."[54]

Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case.  Therefore, it is not properly asserted as an affirmative defense.[55]

Because "failure to state a claim under Rule 12(b)(6) is more properly brought as a motion and

---

[50] *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998) (citation omitted).

[51] *See, e.g., Camacho v. Jefferson Capital Sys., LLC*, 2014 U.S. Dist. LEXIS 141216 at *5 (N.D. Cal. Oct. 2, 2014)  ("Defendant, however, provides Plaintiff no factual information regarding prior litigation that would have the effect of estopping Plaintiff's claims.").

[52] *Scott*, 2011 U.S. Dist LEXIS at *19-20 (striking "collateral estoppel" affirmative defense).  *See also G & G Closed Circuit Events, LLC v. Nguyen*, 2010 U.S. Dist. LEXIS 104980 at *5 (N.D. Cal. Sept. 23, 2010) (striking collateral estoppel affirmative defense as insufficiently pled).

[53] <u>Answer</u> (Doc. 12) at ¶ 7:25-27.

[54]  *Barnes*, 718 F. Supp. 2d at 1174.  *See also, Scott*, 2011 U.S. Dist. LEXIS 5278 at *23-24; *Perez*, 2012 U.S. Dist. LEXIS 41080 at *39.

[55] *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007).

MEMORANDUM OF POINTS AND AUTHORITIES                    Case No. 3:18-CV-05224-EMC

not an affirmative defense"[56] it should be stricken from Defendants' <u>Answer</u>.[57]

### 2.  Fourth Affirmative Defense – Mitigation of Damages

Defendants' Fourth Affirmative Defense is pled as follows:

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendant.[58]

"Defendants fail, again, to provide any factual basis that would allow the inference that this defense is plausible."[59]   Moreover, failure to mitigate damages is not a defense to the FDCPA or RFDCPA.[60]  This defense should be stricken from Defendants' Answer.[61]

### 3.  Fifth and Seventeenth Affirmative Defenses – No Violation of Law

Defendants' Fifth Affirmative Defense is pled as follows:

DEFENDANTS did not commit any actionable violations of the FDCPA and/or RFDCPA.[62]

Defendants' Seventeenth Affirmative Defense is pled as follows:

A debt collector does not make misrepresentations in violation of Fair Debt Collection Practices Act by using section 98 declarations in lieu of personal testimony at trial in California even though a declarant was physically located more than 150 miles from place of trial pursuant to, among other cases, <u>Ciganek v. Portfolio Recovery Associates. LLC</u>, 190 F. Supp. 3d 908 (2016), and therefore, Plaintiffs case is barred.[63]

These affirmative defenses do not raise new facts or arguments that, if true, would defeat Plaintiff's claims.[64]  Rather, Defendants merely deny any violation of the FDCPA or RFDCPA.  This is not a proper affirmative defense.  Much like Defendants' Failure to State a Claim affirmative defense,

---

[56] *Barnes*, 718 F. Supp. 2d at 1174.
[57] *Racick*, 270 F.R.D. at 234-35 (striking failure to state a claim defense).
[58] <u>Answer</u> (Doc. 12) at 8:5-8.
[59] *Racick*, 270 F.R.D. at 234-35 (E.D.N.C. 2010) (striking failure to mitigate defense).
[60] *Scott*, 2011 U.S. Dist. LEXIS 5278 at *22-23 (striking failure to use reasonable care defense).
[61] *See, e.g.*, *Perez*, 2012 U.S. Dist. LEXIS 41080 *and G & G Closed Circuit*, 2010 U.S. Dist. LEXIS 104980 at *2  (striking failure to mitigate defense).
[62] <u>Answer</u> (Doc. 12) 8:9-11.
[63] <u>Answer</u> (Doc. 12) 8:9-11.
[64] *See generally*, *Wolf v. Reliance Standard Linfe Ins. Co.*, 71 F.3d 444, 449 (1st Cir. 1995).

MEMORANDUM OF POINTS AND AUTHORITIES                    Case No. 3:18-CV-05224-EMC

these "affirmative defenses" provide no "additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense."[65]

These affirmative defenses should be stricken from Defendants' Answer.[66]

### 4.   Seventh Affirmative Defense – Compliance With Law

Defendants' Seventh Affirmative Defense is pled as follows:

DEFENDANTS have, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws, and in fact, DEFENDANTS successfully prosecuted the underlying collection case notwithstanding Plaintiff being represented by counsel, and Plaintiffs counsel bringing unwarranted objections at trial, which were explicitly overruled.[67]

This affirmative defense does not raise new facts or arguments that, if true, would defeat Plaintiff's claims.[68]   Rather, Defendants merely deny any violation of the FDCPA or RFDCPA.  This is not a proper affirmative defense.  Much like Defendants' Failure to State a Claim affirmative defense, this "affirmative defense" provides no "additional set of facts that bars recovery notwithstanding the plaintiff's valid *prima facie* case.  Therefore, it is not properly asserted as an affirmative defense"[69] and this defense should be stricken from Defendants' Answer.[70]

### 5.   Thirteenth and Eighteenth Affirmative Defenses – Improper Purpose / Harassment

Defendants' Thirteenth Affirmative Defense is pled as follows:

The Complaint and the filers of the Complaint, by submitting this Complaint to this Court have filed this Complaint for an improper purpose, such as to harass, and/or the factual contentions fail to have evidentiary support, and as such, Plaintiffs and/or their counsel are subject to sanctions pursuant to, among other code sections, Rule 11 of the

---

[65] *Boldstar*, 517 F. Supp. 2d at 1291.

[66] "[A] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

[67] <u>Answer</u> (Doc. 12) at ¶ 8:16-21.

[68] *See generally*, *Wolf v. Reliance Standard Life Ins. Co.*, 71 F.3d 444, 449 (1st Cir. 1995).

[69] *Boldstar*, 517 F. Supp. 2d at 1291.

[70] "[A] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. Cal. 2002).  *See also Camacho*, 2014 U.S. Dist. LEXIS 141216 at *6-7 (striking with prejudice "compliance with laws" affirmative defense).

1

FRCP.[71]

2

Defendants' Eighteenth Affirmative Defense is pled as follows:

3

4

This lawsuit was brought in bad faith and/or for the purposes of harassment, and as such, DEFENDANTS are entitled to attorney's fees pursuant to 15 USC section § 1693m(f) and DEFENDANTS specifically reserve their rights to seek attorney's fees pursuant to said code section.[72]

5

6

7

"Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny

8

plaintiff's right to recover, even if the allegations of the complaint are true."[73]  "In contrast, denials of

9

the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claims

10

are not affirmative defenses."[74]  If Defendants intend to bring a motion under Rule 11 of the FRCP, then

11

Defendants should do so.  Similarly, if Defendants are successful at trial and wish to bring a motion for

12

attorney fees pursuant to 15 U.S.C. § 1693m(f), they may.

13

These affirmative defenses should be stricken from Defendants' <u>Answer</u>.

14

### 6.  Twentieth Affirmative Defense – Reservation of Rights

15

16

Defendants' Twentieth Affirmative Defense is pled as follows:

17

DEFENDANTS' [sic] reserve the right to assert additional defenses upon discovery of further information concerning Plaintiffs claims.[75]

18

19

This "is simply not a defense of any kind, much less an affirmative one"[76] and should be

20

stricken from Defendant's Answer.

21

### C.  <u>Defendants' Immaterial and Impertinent Defenses Should be Stricken</u>

22

---

[71] <u>Answer</u> (Doc. 12) at 9:23-28.

23

[72] <u>Answer</u> (Doc. 12) at 10:18-22.

[73]  *Federal Deposit Ins. Corp.*, 655 F. Supp. at 262 (citing *Gomez v. Toledo*, 446 U.S. 635, 640-41 (1980)).

24

[74] *G & G Closed Circuit*, 2010 U.S. Dist. LEXIS 104980 at * 12.

25

[75] <u>Answer</u> (Doc. 12) at 11:1-3.

26

[76] *Racick*, 270 F.R.D. at 237, *quoting Palmer v. Oakland Farms, Inc.*, 2010 U.S. Dist. LEXIS 63265 at *19 (W.D. Va. June 24, 2010); *see also*, *Scott*, 2011 U.S. Dist. LEXIS 5278 at *24 ("In addition, Defendant's nineteenth defense, reserving the right to assert additional defenses based on discovery, is not itself an affirmative defense and appears to duplicate rights already preserved by the Federal Rules.").

27

28

MEMORANDUM OF POINTS AND AUTHORITIES                Case No. 3:18-CV-05224-EMC

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Generally, matters which are outside the scope of the action are "immaterial" for purposes of Rule 12(f) motion to strike.[77] The following pled affirmative defenses are immaterial to this action.

### 1. Sixth Affirmative Defenses – Waiver

Defendants' Sixth Affirmative Defense is pled as follows:

> Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the financial obligation at issue.[78]

Defendants offer the Court and Plaintiff no factual basis whatsoever for the moving target affirmative defense of "waiver" and as such Defendants are not entitled to the defense as a matter of law pursuant to *Iqbal* and *Twombly*.[79] "A reference to a doctrine, like a reference to statutory provisions, is insufficient notice."[80] Moreover, "waiver" is not a defense to the FDCPA or RFDCPA.[81]

> Out of an abundance of caution, we further note what should be obvious: a consumer's consent cannot waive protection from the practices the FDCPA seeks to eliminate, such as false, misleading, harassing or abusive communications. Permitting such a waiver would violate the public policy goals pursued by the FDCPA.[82]

The waiver affirmative defense should be stricken from Defendants' Answer.[83]

/ / /

### 2. Tenth and Eleventh Affirmative Defenses – Privilege

---

[77] *American Sheet Metal, Inc. v. Em-Kay Engineering Co.*, 478 F. Supp. 809, 815 (E.D. Cal. 1979).
[78] Answer (Doc. 12) at 8:12-15.
[79] *Racick*, 270 F.R.D. at 237 (striking "doctrine of latches, waiver and/or estoppel" for failing "to meet the notice pleading requirements because it is a bare legal conclusion."); *Scott*, 2011 U.S. Dist. LEXIS 5278 at *22-23 (striking estoppel defense).
[80] *Qarbon.com Inc.*, 315 F. Supp. 2d at 1049. *See also*, *Scott*, 2011 U.S. Dist. LEXIS 5278 at *20.
[81] Cal. Civil Code § 1788.33 ("Any waiver of the provisions of this title is contrary to public policy, and is void and unenforceable.").
[82] *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1171, fn. 5 (9th Cir. 2006).
[83] *See Madison*, 2013 U.S. Dist. LEXIS 153168 at *5-6 *and* Qarbon, 315 F. Supp. 2d at 1049 (striking "waiver" affirmative defense).

1

2

Defendants' Tenth Affirmative Defense is pled as follows:

The actions of DEFENDANTS complained of in the Complaint constitute communications that were made in good faith and in anticipation of or in connection with ongoing litigation and Plaintiffs claims are therefore barred, in whole or in part, by the California litigation privilege. And, in fact, communications with Plaintiff were expressed through Plaintiffs counsel and Plaintiff, through counsel, agreed to settle the underlying collection lawsuit with the payment of an agreed sum to DEFENDANTS, thus confirming the validity of the debt and the proper course of action by DEFENDANTS.[84]

Defendants' Eleventh Affirmative Defense is pled as follows:

Defendant's conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed interpretation of the FDCPA and/or RFDCPA must be rejected as it would place an unreasonable restraint upon Defendant's First Amendment rights, thereby raising serious constitutional issues.[85]

Litigation privilege is not a recognized defense in FDCPA[86] or RFDCPA[87] cases.  "[C]onduct that is specifically prohibited by the California Act and/or the Federal Act are not barred by the litigation privilege."[88]  As such, this affirmative defense should be stricken from Defendants' <u>Answer</u>.

If the defendants are advocating the existence of a federal common law litigation privilege, *Heintz v. Jenkins* cuts squarely against their argument.  So the defendants also premise their immunity arguments on their First Amendment rights of free speech, and to petition for redress, which they assert are violated by applying FDCPA to the act of filing a complaint in a court of law.  But whether the historical antecedents for common law immunity emanate from First Amendment concerns, or from the underpinnings of the Anglo-American privilege for judicial proceedings,  the defendants' immunity arguments cannot overcome the unambiguous text of the statute and the unambiguous holding of *Heintz v. Jenkins*, which this Court must follow.[89]

---

[84] <u>Answer</u> (Doc. 12) at 9:5-12.

[85] <u>Answer</u> (Doc. 12) at 9:13-17.

[86] *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 615 (6th Cir. 2009); *Pepper v. Routh Crabtree, APC*, 219 P.3d 1017, 1023 (Alaska 2009).

[87] *Komarova v. National Credit Acceptance, Inc.*, 175 Cal. App. 4th 324, 337 (Cal. App. 1st Dist. 2009) ("We agree with the majority of these cases that the [litigation] privilege cannot be used to shield violations of the [Rosenthal Fair Debt Collection Practices] Act.").  *See also Huy Thanh Vo v. Nelson & Kennard*, 931 F. Supp. 2d 1080, 1097 (E.D. Cal. 2013) ("What is notable is that since the issuance of Komarova – i.e., the sole published decision by a California appellate court to address this issue – not a single federal court has found Rosenthal Act claims to be barred by the litigation privilege.").

[88] *People v. Persolve, LLC*, 218 Cal. App. 4th 1267, 1277 (Cal. App. 5th Dist. 2013).

[89] *Kelly v. Great Seneca Fin. Corp.*, 443 F. Supp. 2d 954, 960 (S.D. Ohio 2005), *citing Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995).

- 21 -

1

2      "The privilege for communications made during judicial proceedings and for communications

3   made between certain interested persons, Cal. Civ. Code § 47(b) and (c), likewise has no application to

4   the facts or legal claims in Plaintiff's complaint, which do not allege any defamatory actions by

5   Defendant."[90]   "This Court has previously rejected a FDCPA "Defendants' assertion that the First

6   Amendment, as a matter of law, protects the filing of a state court complaint from the reach of the

7   FDCPA."[91]  As such, these affirmative defenses should be stricken from Defendants' <u>Answer</u>.

8          **3.  Twelfth Affirmative Defense –  Set Off**

9      Defendants' Twelfth Affirmative Defense (Waiver) is pled as follows:

10

11         To the extent that Plaintiff has suffered any damage as a result of any alleged act or
           omission of Defendant, which DEFENDANTS deny, DEFENDANTS are, on
12         information and belief, entitled to a setoff in the amount Plaintiff owes to
           DEFENDANTS on his unpaid account, including any recoverable interest and attorneys'
13         fees.[92]

14

15     This affirmative defense provides Plaintiff no notice upon which to prepare a defense.[93]  Further,

16  this affirmative defenses does not state to which of the allegations in the Complaint it applies.  This

17  affirmative defense does not allege <u>facts</u> regarding the money allegedly owed by Plaintiff or how said

18  debt should reduce Plaintiff's recovery.

19

20     Not only does this affirmative defense remain insufficiently pled, but "offset" is not a defense in

21  an FDCPA action.  Although the Ninth Circuit has not directly addressed the availability of offset to an

22  FDCPA defendant, the Ninth Circuit has held that creditors cannot be allowed to offset monies owed by

23  a consumer against a consumer's judgment obtained under a consumer protection statute.  In *Dias v.*

24

25  [90]  *Scott*, 2011 U.S. Dist. LEXIS 5278 at *23 (striking litigation privilege defense).
    [91]  *Lopez Reyes v. Kenosian & Miele*, LLP, 619 F. Supp. 2d 796, 804 (N.D. Cal. 2008) (Jenkins, J.); *see*
26  *also*, *Hartman*, 569 F.3d at 615.
    [92]  <u>Answer</u> (Doc. 12) at 9:18-22.
27  [93]   *Racick*, 270 F.R.D. at 236 ("The court finds that these boilerplate affirmative defenses, with no
    assertion of any facts that would allow drawing of reasonable inference that such defenses are plausible,
28  fail to meet the notice pleading standard.").

MEMORANDUM OF POINTS AND AUTHORITIES          Case No. 3:18-CV-05224-EMC

*Bank of Hawaii*,[94] the Ninth Circuit refused to permit a bank to offset a TILA judgment against it with a claim by the bank pending against the plaintiff in state court. The court based its decision both on state law and TILA. The Ninth Circuit held that allowing lenders to satisfy adverse TILA judgments by reducing their claims in other courts would frustrate the essential purpose of the Act. TILA's civil liability provisions were designed to encourage consumers to bring actions against creditors and thereby promote compliance with the Act. If creditors were allowed to offset TILA judgments against pending collection claims, the Ninth Circuit reasoned that debtors would be discouraged from bringing TILA claims.[95] Here, identical considerations in the enactment of the FDCPA and RFDCPA support a ruling similar to that of *Dias*.[96]

Defendants' offset affirmative defense should be stricken from the Answer.

**4. Fifteenth Affirmative Defense – Laches**

Defendants' Fifteenth Affirmative Defense is pled as follows:

Plaintiff's claims and/ or causes of action are barred by the doctrine of laches.[97]

Defendants' reference to this equitable doctrine of laches is misplaced. "Laches requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense."[98] Defendants have failed to provide any facts in support of this "affirmative defense." Additionally, "principles of equity [can not] be used to avoid a statutory mandate."[99] This affirmative defense should be stricken from Defendants' Answer.[100]

---

[94] 732 F.2d 1401 (9th Cir. 1984).
[95] *Dias*, 732 F.2d at 1402-03 (cited by *Olevares v. Viking Dodge, Inc.*, 626 F. Supp. 114, 115 (N.D. Ill. 1985)).
[96] *See Baker v. G. C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982) ("The Act is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists.")
[97] Answer (Doc. 12) at 10:4-5.
[98] *Costello v. United States*, 365 U.S. 265, 282 (1961).
[99] *Jiagbogu*, 118 Cal. App. 4th at 1244.
[100] *See Perez*, 2012 U.S. Dist. LEXIS 41080 (striking the laches affirmative defense).

MEMORANDUM OF POINTS AND AUTHORITIES     Case No. 3:18-CV-05224-EMC

### 5.   Sixteenth Affirmative Defense – Failure to Compel Moore to Trial

Defendants' Sixteenth Affirmative Defense is pled as follows:

> Plaintiff failed to take any steps to compel Defendant Moore to trial in California at the address provided for in her Declaration, and thus, the allegations of the Complaint related to a defective section 98 Declaration are not provable based on Plaintiffs own failure to take appropriate legal action for service of process in the underlying collection case.[101]

Defendants' have failed to state why Plaintiff must have compelled Moore to trial prior to initiating this action.  Indeed, there is no support for Defendants' position.  Therefore, this affirmative defense should be stricken from Defendants' Answer as immaterial and/or impertinent.

## V.  CONCLUSION

The *Twombly/Iqbal* pleading standard requires a plaintiff to plead something more than mere "labels and conclusions."  A defendant should be held to the same standard and should not be able to assert a laundry list of defenses hoping to find at a later date some fact that supports the defense.  In this instance, Defendants have not set forth sufficient facts in support of any of the affirmative defenses contained in the <u>Answer</u>.  It is impossible to determine if any of the affirmative defenses pled by Defendants in the <u>Answer</u> are plausible.  Therefore, Plaintiff requests that each of these defenses be stricken and that Defendants be granted leave to amend the Answer to assert adequate defenses under the *Twombly/Iqbal* standard.

ooOoo

---

[101]   <u>Answer</u> (Doc. 12) at 10:6-11.

MEMORANDUM OF POINTS AND AUTHORITIES          Case No. 3:18-CV-05224-EMC

1

2   Dated:  November 2, 2018

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
☐ Fred W. Schwinn (SBN 225575)
☐ Raeon R. Roulston (SBN 255622)
☐ Matthew C. Salmonsen (SBN 302854)
CONSUMER LAW CENTER, INC.
1435 Koll Circle, Suite 104
San Jose, California  95112-4610
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
DAVID ALLAN IZETT

MEMORANDUM OF POINTS AND AUTHORITIES                Case No. 3:18-CV-05224-EMC