UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALLAN IZETT,<br><br>Plaintiff,<br><br>v.<br><br>CROWN ASSET MANAGEMENT, LLC, et al.,<br><br>Defendants. | Case No. 18-cv-05224-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Docket No. 18 |

Before the Court is Plaintiff's motion to strike affirmative defenses asserted in Defendants' Answer. *See* Docket No. 18-1 ("Mot."); Docket No. 12 ("Ans."). For the reasons discussed below, the Court **GRANTS in part and DENIES in part** Plaintiff's motion.

## I.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(b)(1) requires a party to "state in short and plain terms its defenses to each claim asserted against it." Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

As an initial matter, the parties dispute whether the heightened pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) applies with equal force to affirmative defenses as it does to complaints. The Ninth Circuit has not yet spoken on this issue, but courts in this District, including this Court, have "consistently" applied the *Twombly* and *Iqbal* standard to affirmative defenses. *Perez v. Gordon & Wong Law Grp., P.C.*, No. 11-CV-03323-LHK, 2012 WL 1029425, at *8 (N.D. Cal. Mar. 26,

2012). So have the "vast majority" of district courts presented with the issue. *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171–72 (N.D. Cal. 2010) (citing cases); *Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925, 929 (N.D. Cal. 2012)).

The Court finds the authority adopting the *Twombly* and *Iqbal* standard to affirmative defenses persuasive, and will therefore apply it to the instant motion.[1] Under this standard, "a defense need not include extensive factual allegations in order to give fair notice, [but] bare statements reciting mere legal conclusions may not be sufficient." *Perez*, 2012 WL 1029425, at *8 (citations omitted). The party pleading an affirmative defense must allege "enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility." *Id.* (citations omitted). In addition to factually insufficient defenses, a court may also strike from an answer matter that is immaterial or impertinent. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds,* 510 U.S. 517 (1994). An "immaterial" matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded," and "impertinent" matter consists of "statements that do not pertain, and are not necessary, to the issues in question." *Id.* (citations omitted).

## II. DISCUSSION

Defendants have asserted twenty affirmative defenses, and Plaintiff has moved to strike them all as insufficiently pled, immaterial, or not affirmative defenses. The Court addresses each category below.

A.  Not Affirmative Defenses

Four of the affirmative defenses asserted by Defendants are not affirmative defenses at all.

Defendants' second defense is that the "allegations of the Complaint fail to state a claim

---

[1] Defendants cite several cases that have declined to a heightened pleading standard to affirmative defenses, but these cases are mostly either from outside of this District, *see, e.g.*, Opp. at 7 (citing *U.S. Bank Nat. Ass'n v. Educ. Loans Inc.*, No. CIV. 11-1445 RHK/JJG, 2011 WL 5520437 (D. Minn. Nov. 14, 2011)), or pre-*Twombly* and *Iqbal*, *see, e.g.*, *id.* at 9 (citing *SEC v. Sands*, 902 F. Supp. 1149 (C.D. Cal. 1995)). Defendants' argument that a more relaxed standard for affirmative defenses is necessary because they have only a limited amount of time in which to file an answer and may need to "develop their affirmative defenses through discovery" has also been rejected by this court. *See Dion v. Fulton Friedman & Gullace LLP*, No. 11–2727, 2012 WL 160221, at *3 (N.D. Cal. Jan. 17, 2012).

2

against Defendants." Ans. at 7. "[T]here is ample authority for the . . . proposition that [f]ailure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [a plaintiff's] prima facie case." *Martinez v. Cty. of Sonoma*, No. 15-CV-01953-JST, 2016 WL 1275402, at *2 (N.D. Cal. Apr. 1, 2016) (quoting *Barnes*, 718 F. Supp. 2d at 1174). Affirmative defenses, on which the defendant bears the burden of proof, "plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Id.* (citation omitted). In contrast, "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). In arguing to the contrary, Defendants say that "failure to state a claim" is listed as an affirmative defense in Form 30 in the appendix to the Federal Rules of Civil Procedure. *See* Opp. at 14–15. This exact argument has been repeatedly rejected by courts in this District. *See, e.g.*, *Barnes*, 718 F. Supp. 2d at 1174; *Perez*, 2012 WL 1029425, at *11.

Similarly, Defendants' fifth defense simply states that they "did not commit any actionable violations of the FDCPA and/or RFDCPA." Opp. at 8. And Defendants' seventh defense states that they "have, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws."[2] *Id.* These defenses do not "plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover," but rather argue that Plaintiff has failed to establish a prima facie case. *Martinez*, 2016 WL 1275402, at *2. They are therefore not affirmative defenses.

Finally, Defendants' twentieth defense states that they "reserve the right to assert additional defenses upon discovery of further information concerning Plaintiffs [sic] claims." Ans. at 11. "The mere reservation of affirmative defenses is not an affirmative defense." *Weintraub v. Law Office of Patenaude & Felix, A.P.C.*, 299 F.R.D. 661, 668–69 (S.D. Cal. 2014) (citation omitted). If Defendants decide to assert additional affirmative defenses at a later date,

---

[2] This purported "good faith compliance with law" defense is distinct from Defendants' first affirmative defense of "bona fide error" defense under 15 U.S.C. § 1692k(c), which is addressed below.

3

they may do so by amending their pleadings in compliance with the procedure set out in Federal Rule of Civil Procedure 15.

Accordingly, the Court **GRANTS** the motion to strike Defendants' second, fifth, seventh, and twentieth affirmative defenses **without leave to amend**.

B. <u>Insufficiently Pled</u>

As noted above, the Rule 8 pleading standard does not require detailed factual allegations, but a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citation omitted). Defendants' first (bona fide error), third (good faith), fourth (mitigation of damages), sixth (waiver), ninth (intervening or supervening events), eleventh (First Amendment), thirteenth (improper purpose),[3] fourteenth (statute of limitations), fifteenth (laches), eighteenth (bad faith litigation), and nineteenth (collateral estoppel) affirmative defenses offer only conclusions and formulaic recitations of possible defenses. For example, Defendants' statute of limitation defense simply reads: "Plaintiff's claims and/or causes of action are time barred by the statute of limitations." Ans. at 10. They "make no mention of the applicable statute," or any other facts that would suggest that Plaintiff's claims are time-barred. *Polk v. Legal Recovery Law Offices*, 291 F.R.D. 485, 490 (S.D. Cal. 2013).

Accordingly, the Court **GRANTS** the motion to strike Defendants' first, third, fourth, sixth, ninth, eleventh, thirteenth, fourteenth, fifteenth, eighteenth, and nineteenth affirmative defenses **with leave to amend** with supporting factual content.

C. <u>Immaterial and Impertinent</u>

Defendants' eighth affirmative defense states: "Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were

---

[3] Defendants' thirteenth affirmative defense alleges that Plaintiff brought this suit "in bad faith and/or for the purposes of harassment," such that Plaintiff and his counsel are subject to Rule 11 sanctions. Ans. at 9. Rule 11 requires that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Defendants have not made such a motion or described the specific conduct on Plaintiff's part that warrants sanctions.

4

proximately caused by and contributed by persons other than Defendant. The liability, if any exists, of all defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of this DEFENDANTS should be reduced accordingly." Ans. at 8. Courts have held that affirmative defenses like apportionment and equitable indemnity "while applicable in negligence and intentional tort actions, have no relation to . . . FDCPA or RFDCPA claims" like those asserted in Plaintiff's complaint. *Perez*, 2012 WL 1029425, at *11.

Defendants' tenth affirmative defense asserts: "The actions of DEFENDANTS complained of in the Complaint constitute communications that were made in good faith and in anticipation of or in connection with ongoing litigation and Plaintiffs claims are therefore barred, in whole or in part, by the California litigation privilege." Ans. at 9. The invocation of the "California litigation privilege" appears to be a reference to California Civil Code § 47(b)(2), which protects "communications made to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved." *Komarova v. Nat'l Credit Acceptance, Inc.*, 175 Cal. App. 4th 324, 336 (Ct. App. 2009) (citation omitted).

But the California Court of Appeal in *Komarova*, following the "majority" of the federal district courts to have considered the question, concluded that the litigation privilege cannot be used to shield violations of the RFDCPA. *Id.* at 337. *Komarova* reasoned that if the privilege were applicable to RFDCPA claims, the very communications from debt collectors intended to harass debtors into paying would fall within the scope of the privilege, since the communications are made to "achieve the objects of litigation." *Id.* at 338. "Applying the privilege in this manner would effectively vitiate the [RFDCPA] and render the protections it affords meaningless." *Id.* (citation omitted). Thus, *Komarova* concluded that the RFDCPA, as the more specific statute, prevailed over the general litigation privilege. *Id.* at 399–40. Nearly all federal district courts since *Komarova* have agreed with its analysis. *See Taymuree v. Nat'l Collegiate Student Loan Tr. 2007-2*, No. 16-CV-06138-YGR, 2017 WL 952962, at *4 n.3 (N.D. Cal. Mar. 13, 2017). Defendants themselves concede that "the litigation privilege may not be a defense to a FDCPA and/or RFDCPA claim." Opp. at 18.

Accordingly, the Court **GRANTS** the motion to strike Defendants' eighth and tenth affirmative defenses **without leave to amend**.[4]

D. <u>Other Defenses</u>

The three remaining affirmative defenses are sufficiently pled.

Defendants' twelfth affirmative defense states: "To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which DEFENDANTS deny, DEFENDANTS are, on information and belief, entitled to a setoff in the amount Plaintiff owes to DEFENDANTS on his unpaid account, including any recoverable interest and attorneys' fees." Ans. at 12. Although this defense, like many others in Defendants' answer, is a bare recitation of a legal conclusion, courts have held that the phrase "'the amount owed to Defendant' is self-explanatory in the context of" a debt collection dispute." *Jacobson v. Persolve, LLC*, No. 14-CV-00735-LHK, 2014 WL 4090809, at *9 (N.D. Cal. Aug. 19, 2014). Accordingly, this affirmatively defense is sufficiently pled.

Defendants' seventeenth affirmative defense asserts: "A debt collector does not make misrepresentations in violation of [the FDCPA] by using section 98 declarations in lieu of personal testimony at trial in California even though a declarant was physically located more than 150 miles from place of trial . . . ." Ans. at 10. And Defendants' sixteenth affirmative defense states: "Plaintiff failed to take any steps to compel Defendant Moore to trial in California at the address provided for in her Declaration, and thus, the allegations of the Complaint related to a defective section 98 Declaration are not provable based on Plaintiffs [sic] own failure to take appropriate legal action for service of process in the underlying collection case." Ans. at 10.

These defenses appear to be responsive to the Plaintiff's allegation that the Moore Declaration, submitted in the State Court Action in lieu of live testimony pursuant to California Code of Civil Procedure § 98, contained "false statements and false representations." Compl. ¶¶ 29–30. Section 98 provides:

> A party may, in lieu of presenting direct testimony, offer the
> prepared testimony of relevant witnesses in the form of affidavits or

---

[4] Defendants need not reassert the litigation privilege defense in order to preserve it for appeal.

6

> declarations under penalty of perjury. The prepared testimony
> may include, but need not be limited to, the opinions of expert
> witnesses, and testimony which authenticates documentary
> evidence. To the extent the contents of the prepared testimony
> would have been admissible were the witness to testify orally
> thereto, the prepared testimony shall be received as evidence in the
> case, provided that either of the following applies:
>
>> (a) A copy has been served on the party against whom it is
>> offered at least 30 days prior to the trial, together with a
>> current address of the affiant that is within 150 miles of the
>> place of trial, and the affiant is available for service of
>> process at that place for a reasonable period of time, during
>> the 20 days immediately prior to trial.
>>
>> (b) The statement is in the form of all or part of a deposition
>> in the case, and the party against whom it is offered had an
>> opportunity to participate in the deposition.

Plaintiff alleges that the Moore Declaration violated the FDCPA and RFDCPA by falsely stating that Moore was available for service of process in San Francisco per § 98 when she in fact lived and worked in the state of Georgia. Compl. ¶ 33. Plaintiff also alleges that the Moore Declaration falsely stated that Moore had personal knowledge of the facts stated therein. *Id.* ¶¶ 34–35. Defendants counter that these claims are "barred" by *Ciganek v. Portfolio Recovery Associates, LLC*, 190 F. Supp. 3d 908 (N.D. Cal. 2016). Ans. at 10.

In *Ciganek*, Judge Koh held that a debt collector did not violate the FDCPA by submitting a § 98 declaration even though the declarant was physically located more than 150 miles from place of trial. The court noted that the plain language of § 98 only requires that a declarant be "available for service for process" at the provided address, without specifying that she must be physically available for personal service at that address, as opposed to available for service by mail. *Ciganek*, 190 F. Supp. 3d at 915. Nor did the legislative history of § 98 suggest that § 98 requires the declarant to be physically located within 150 miles of the place of trial. *Id.* at 918. Accordingly, *Ciganek* determined that a debt collector does not violate the FDCPA by relying on a declaration that provides an address within 150 miles of the place of trial where the declarant is not physically present for personal service. *Id.* at 920–21. Parties' counsel informed the Court at the hearing that the issues raised in *Ciganek* and the sixteenth and seventeenth affirmative defense—whether a § 98 declarant must be physically available for personal service, and whether a party challenging a § 98 declaration must first attempt to compel the declarant to trial—are

currently before the California Supreme Court in a case scheduled for oral argument in January 2019.

In light of *Ciganek*, and pending the California Supreme Court's word on the matter, Defendants have a plausible argument that, even if it is true that Moore was living in Georgia when she stated in her § 98 declaration that she was available for service of process in San Francisco, such a statement would not give rise to liability under the FDCPA. Thus, Defendants have sufficiently pled the sixteenth and seventeenth affirmative defenses.

### III. CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** the motion to strike Defendants' second (failure to state a claim), fifth (no actionable violations), seventh (compliance with law), eighth (apportionment), tenth (litigation privilege), and twentieth (reservation of rights) affirmative defenses **without leave to amend**;

(2) **GRANTS** the motion to strike Defendants' first (bona fide error), third (good faith), fourth (mitigation of damages), sixth (waiver), ninth (intervening or supervening events), eleventh (First Amendment), thirteenth (improper purpose), fourteenth (statute of limitations), fifteenth (laches), eighteenth (bad faith litigation), and nineteenth (collateral estoppel) affirmative defenses **with leave to amend within 60 days**;

(3) **DENIES** the motion to strike Defendants' twelfth (offset), sixteenth (failure to compel declarant to trial), and seventeenth (Cal. Code Civ. P. § 98) affirmative defenses.

This order disposes of Docket No. 18.

**IT IS SO ORDERED**.

Dated: December 14, 2018

EDWARD M. CHEN
United States District Judge